UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: )
)
)
       **THE MCCABE GROUP,** )    Civil Action No. 04-10442-RCL
)
                Debtor. )
)

# OPENING BRIEF OF APPELLANT

Charles F. Vihon (ARDC# 2901498)
4738 Howard Avenue
Western Springs, Illinois 60558
708.246.6565 (telephone)
708.246.7878 (facsimile).

# TABLE OF CONTENTS

TABLE OF CASES AND OTHER AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

BASIS OF APPELLATE JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF THE ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

APPLICABLE STANDARD OF APPELLATE REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . 7

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    NATURE OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    COURSE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    DISPOSITION IN THE COURT BELOW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF CASES AND OTHER AUTHORITIES

## Cases

*In re Akram* .................................................................... 12

*In re American Sports Innovations* ................................................ 13

*Burger King Corp. v. B-K of Kansas, Inc.* ......................................... 13

*Cadle Co. v. Schlichtmann, Conway, Crowley & Hugo* ................................ 11

*In re CCR Planning, Ltd.* ........................................................ 13

*In re Consumers Realty & Development Co., Inc.* .................................. 12

*In re Cumberland Farms, Inc.* .................................................... 12

*In re First New England Dental Centers* .......................................... 7

*Grella v. Salem Five Cent Sav. Bank* .............................................. 7

*Halbert v. Yousif* ............................................................... 12

*In re Jason Pharmaceuticals, Inc.* ............................................... 12

*Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.* .............. 12

*In re Schwartz & Meyers* ......................................................... 13

*In re Summit Corp.* .............................................................. 13

## Statutes

11 U.S.C. §103(a) ................................................................ 13

11 U.S.C. §341(a) ................................................................. 8

11 U.S.C. §1141 ............................................................... 11-12

11 U.S.C. §523 ................................................................... 13

28 U.S.C. §158(a) .................................................... 5

**Rules**

Fed. R. Bankr. P. 4007 ................................................ 8

Fed. R. Bankr. P. 7001 ............................................... 14

Fed. R. Bankr. P. 7001(6) ............................................ 14

D.Mass. Rule 201 .................................................... 5

**Misc.**

H.Rep. No. 595, 95th Cong, 1st Sess 418 (1977) ....................... 12

## **BASIS OF APPELLATE JURISDICTION**

"The district courts of the United States shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. §158(a).

"Pursuant to 28 U.S.C. §157(a), any and all cases arising under Title 11 United States Code and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 shall be referred to the judges of the bankruptcy court for the District of Massachusetts." D.Mass. Rule 201.

## **STATEMENT OF THE ISSUES PRESENTED**

Whether the Bankruptcy Court committed reversible error by denying, as a matter of law, Appellant's motion for an extension of time to file a complaint to determine the dischargeability of a debt –

      a.     on the ground of mootness; and

      b.     on the ground that a complaint to determine the dischargeability of a debt can be brought only as to a debtor who is an individual.

## APPLICABLE STANDARD OF APPELLATE REVIEW

"The applicable standard of review for legal conclusions of the bankruptcy court is de novo. *Grella v. Salem Five Cent Sav. Bank,* 42 F.3d 26, 30 (1st Cir.1994)." *In re First New England Dental Centers, Inc.,* 291 B.R. 229, 236 (D. Mass. 2003).

## STATEMENT OF THE CASE

**NATURE OF THE CASE**

This is an appeal from an order of the Bankruptcy Court denying Appellant's motion for an extension of time within which to file a complaint to determine the dischargeability of a debt. A complaint to determine the dischargeability of a debt is required, by Fed. R. Bankr. P. 4007(c), to be filed not later than sixty (60) days after the first date set for the meeting of creditors under 11 U.S.C. §341(a). October 7, 2003 was the date set for and when the meeting of creditors was held pursuant to §341(a).

Appellant requested its extension of time within which to file a complaint to determine the dischargeability of a debt before the expiration of the statutory period to file such a complaint and, therefore, was timely filed.

**COURSE OF PROCEEDINGS**

This case was commenced on September 3, 2003. October 7, 2003 was the date the meeting of creditors (pursuant to 11 U.S.C. §341(a)) was scheduled and held. On December 5, 2003, Appellant's motion for an extension of the time to lodge a complaint to determine the dischargeability of a debt was entered. On December 15, 2003, the debtor's (joint) objection (with the creditors' committee) to Appellant's motion was entered.

A hearing on Appellant's motion was scheduled to be held on January 7, 2004 but on December 19, 2003, Appellant's request for postponement of that hearing date to February 6, 2004 was entered. On December 24, 2003, the Bankruptcy Court entered its order postponing to January 14, 2004, the hearing on Appellant's motion. On January 13,

2004, the Bankruptcy Court entered its order denying Appellant's motion. On January 29, 2004, Appellant's response to the objection to its motion was entered.

**DISPOSITION IN THE COURT BELOW**

The bankruptcy court denied Appellant's motion.

**STATEMENT OF THE FACTS**

On September 3, 2003, the Debtor herein commenced this case under chapter 11 of title 11, United States Code. On October 7, 2003, a meeting of creditors was held pursuant to 11 U.S.C. §341(a). A complaint to determine the dischargeability of a debt is required, by Fed. R. Bankr. P. 4007(c), to be filed not later than sixty (60) days after the first date set for the meeting of creditors under §341(a).

Appellant is the successor in interest to Tina Valcarenghi (f/k/a Tina Panagiotou), a former client of the Debtor. On December 26, 2003, in advance of the bar date for the filing of proofs of claim against this debtor, Appellant filed its proof of claim based upon claims arising against the debtor in favor of Appellant's predecessor in interest.

In connection with an examination conducted pursuant to Fed. R. Bankr. P. 2004 in a bankruptcy case pending before the United States Bankruptcy Court, Middle District of Florida (the "Florida Case"), information came to light which led Appellant to believe the debts owed to it by the debtor properly might be non-dischargeable. However, further investigation then was deemed necessary. The facts and circumstances which form the gist of the investigation Appellant would pursue also are facts and circumstances characteristic of matters involved in the Florida Case.

When permission was sought in this case to conduct an examination of the debtor pursuant to Fed. R. Bankr. P. 2004, objections were lodged on the ground, in part, that such an examination would duplicate those to be conducted in the Florida case. The Bankruptcy Judge, in granting that permission, admonished all counsel to reduce that duplication to the minimum by co-ordinating their examinations in this case with those to be conducted in the Florida Case.

Mindful of that admonition, Appellant undertook no independent inquiry of this debtor at that time because an inquiry had been scheduled in connection with the Florida Case. Accordingly, because of (1) that admonition, (2) the timing of the hearing at which the admonition was given, (3) the timing of the examinations already conducted, (4) Appellant's desire to respect the admonition and (5) further examinations and depositions were to be conducted in connection with the Florida case, Appellant believed it would not have been able to come to a decision on the propriety of lodging a complaint pursuant to 11 U.S.C. §523(c) within the statutory period. *Ergo*, Appellant's motion for an extension of time.

The debtor objected to the motion for an extension of time and Appellant responded. However, before Appellant did respond, the Bankruptcy Court already denied the motion.

## ARGUMENT

### INTRODUCTION

There are no facts at issue here. There is no transcript supporting the decision of the Bankruptcy Court below. The issues before this Court are purely issues of law.

### THIS MATTER IS NOT MOOT

"An action is moot if one of the parties loses a cognizable interest in the suit."[1] Neither Appellant nor the Debtor have lost their respectable cognizable interests in the outcome of this dispute. Consequently, in that sense of "mootness", it was erroneous for the Bankruptcy Court to have concluded this matter is moot.

If, on the other hand, the Bankruptcy Court determination of mootness simply is the conclusion derived from the premise that only the debt of an individual debtor may be the subject of a complaint to determine its dischargeability, that focuses this appeal exclusively on the error of that premise. An entity which is not an individual <u>may</u> receive a discharge. Therefore, a creditor may seek a determination that the debt owing to it should not be dischargeable.

### CORPORATIONS EMERGING FROM CHAPTER 11 RECEIVE A DISCHARGE

This is a case under chapter 11 of title 11, United States Code (the "Bankruptcy Code" or "Code"). As it is relevant here, §1141 of the Code speaks to the effects of confirmation of a chapter 11 debtor's plan of reorganization:[2]

---

[1] *Cadle Co. v. Schlichtmann, Conway, Crowley & Hugo*, 338 F.3d 19, 21 (1st Cir. 2003) (citations omitted).

[2] Confirmation of a plan is the *sine qua non* of the success of a case proceeding under chapter 11 of the Code.

> (d)(1) Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan –
>> (A) discharges the debtor from any debt that arose before the date of such confirmation . . .
>
> (2) The confirmation of a plan does not discharge an individual debtor . . .
>
> (3) The confirmation of a plan does not discharge a debtor if –
>> (A) the plan provides for the liquidation of all or substantially all of the property of the debtor;
>> (B) the debtor does not engage in business after consummation of the plan; and
>> (C) the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

The plain meaning of this statute is that, a corporate debtor whose plan of reorganization in a case under chapter 11 of the Code is confirmed and which debtor continues in business, receives a discharge.[3] Were this not the case, the legislative history of the Code hardly would have spoken as it did.[4] Moreover, upon confirmation of a debtor's plan of reorganization, the debts held by pre-confirmation creditors are transformed into new debts pursuant to the plan because pre-confirmation debts are discharged.[5]

---

[3] *See, for example, In re Cumberland Farms, Inc.*, 162 B.R. 62 (Bankr. Mass. 1993); *Halbert v. Yousif*, 225 B.R. 336, (E.D.Mich.1998); *In re Akram*, 259 B.R. 371, fn.15 (Bankr. C.D.Cal. 2001); *In re Jason Pharmaceuticals, Inc.*, 224 B.R. 315 (Bankr. Md.1998); *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.), Inc.*, 989 F.2d 570 (1st Cir. 1993), *cert. denied*, 510 U.S. 931 (1993).

[4] "Subsection (d) contains the discharge for a reorganized debtor." H.Rep. No. 595, 95th Cong, 1st Sess 418 (1977).

[5] *See, In re Consumers Realty & Development Co., Inc.*, 238 B.R. 418, 425 (8th Cir. B.A.P. 1999) ("the effect (continued...)

Section 523 of the Bankruptcy Code treats with exceptions to discharge. Sub-section (c) is intended to recognize the general application of the discharge by providing that a creditor who wishes to deprive the debtor of the benefit of the discharge with respect to the debt owed to that creditor (if that debt is one of four types) may do so under the conditions stated therein.

The provisions of §523 are applicable to all chapter 11 cases.[6] And, nothing in §523 contains any language which limits its application, except as provided therein, and the limitations which do appear do not include anything which would limit the exception to discharge in sub-section (c) only to individual debtors. Some examples of cases in which complaints to determine the dischargeability of a debt were brought against debtors which were not individuals are: *In re Schwartz & Meyers*, 84. B.R. 665 (Bankr. S.D.N.Y. 1986) (partnership) (complaint dismissed, untimely filed); *Burger King Corp. v. B-K of Kansas, Inc.*, 73 B.R. 671 (D. Kansas 1987) (corporation) (complaint dismissed, untimely filed); *In re American Sports Innovations*, 105 B.R. 614 (Bankr. W.D.Wash. 1989) (general partnership) (complaint dismissed, untimely filed) ; *In re Summit Corp.*, 109 B.R. 534 (D. Mass. 1990) (corporation) (complaint dismissed, untimely filed); *In re CCR Planning, Ltd.*, 199 B.R. 347 (Bankr. E.D.Va. 1996) (corporation) (complaint dismissed, untimely filed).

---

[5] (...continued)
of confirmation is to discharge the entire preconfirmation debt, replacing it with a new indebtedness as provided in the confirmed plan; the plan is essentially a new and binding contract, sanctioned by the Court, between a debtor and his preconfirmation creditors").

[6] " . . . chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, 12, or 13 of this title." 11 U.S.C. §103(a).

The procedure required to request the bankruptcy court determine whether a debt should be excepted from discharge is an adversary proceeding as provided for in Fed. R. Bankr. P. 7001(6).[7] Fed. R. Bankr. P. 7001 contains ten sub-parts which identify the types of proceedings which must be commenced as adversary proceedings. In those sub-parts, there are distinctions made in application of some of those rules. No distinction is made in the application of sub-part (6); it is categorical – a complaint to determine the dischargeability of a debt is not limited by the Rules to being made against only an individual debtor.

A complaint to determine the dischargeability of a debt further is governed by Fed. R. Bankr. P. 4007. Here, too, there is absolutely no language which in any way can be construed to provide the basis for the conclusion that such a complaint only may be brought against an individual debtor.

## CONCLUSION

Not only does title 11 not limit to individuals receipt of a discharge, but decisional law throughout the country clearly provides overwhelming precedent that a corporation receives a discharge in a case under chapter 11 for so long as it continues in business after confirmation of its plan of reorganization. And, for so long as that discharge is available, the corporation may be vulnerable to a complaint to determine the dischargeability of a corporate debt.

---

[7] *See*, Fed. R. Bankr. P. 7001(6).

For all of the reasons set forth herein, Appellant respectfully requests this Court set aside, vacate and reverse the decision of the Bankruptcy Court from which this appeal has been taken.

FOR APPELLANT, THE MEGLON DOMESTIC NON-GRANTOR TRUST:

_____
Charles F. Vihon (ARDC# 2901498)
4738 Howard Avenue
Western Springs, Illinois 60558
708.246.6565 (telephone)
708.246.7878 (facsimile).

Dated this 19th day of March, 2004.