UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

NO. 04-10442-RCL

_____

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| THE MCCABE GROUP, A PROFESSIONAL CORPORATION | ) ) | Case No. 03-17429-WCH |

ON APPEAL FROM AN ORDER OF THE
UNITED STATES BANKRUPTCY COURT OF
THE DISTRICT OF MASSACHUSETTS

_____

BRIEF OF THE DEBTOR-APPELLEE

_____

David J. Reier
BBO NO. 546202
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02110
(617) 946-4941
Attorneys for the Debtor-Appellee

## TABLE OF CONTENTS

                                                        Page

TABLE OF AUTHORITIES .................................................................................................... ii

STATEMENT OF THE ISSUE PRESENTED ........................................................................ 1

SUPPLEMENTAL STATEMENT OF THE CASE ................................................................. 1

ARGUMENT ............................................................................................................................ 2

      I.       Exceptions to Dischargeability – An Overview of Section 523. ............................ 2

      II.      Section 523 Exceptions to Discharge Apply Only to *Individual* Debtors, Not *Corporations*. ........................................................................................................ 3

      III.     Meglon Fails to Cite a Single Decision Supporting its Frivolous Interpretation of Section 523 ............................................................................................................ 4

CONCLUSION ......................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

Burger King Corp. v. B-K of Kansas, Inc.,
  73 B.R. 671 (U.S.D.C. Kansas 1987) ...........................................................................6

In re CCR Planning, Ltd,
  199 B.R. 347 (Bankr. E.D. Va. 1996) ..........................................................................5

In re Kuempel Co.,
  14 B.R. 324 (Bankr. S.D. Ohio 1981) ..........................................................................4

In re Push & Pull Enterprise, Inc.,
  84 B.R. 546 (Bankr. N.D. Ind. 1988) ...........................................................................4

In re Schwartz & Meyers,
  64 B.R. 948 (Bankr. S.D.N.Y. 1986) ...........................................................................6

In re Spring Valley Farms, Inc.,
  863 F.2d 832 (11th Cir. 1989) .................................................................................3, 4

In re Summit Corporation, et al,
  109 B.R. 534 (U.S.D.C. Mass. 1990) ..........................................................................5

In re Thinking Machines Corporation,
  1994 WL 688289 (Bankr. D. Mass. December 8, 1994) ............................................4

Yamaha Motor Corp. v. Shadco, Inc.,
  762 F.2d 668 (8th Cir. 1985) ...................................................................................3, 4

**Statutes**

11 U.S.C. § 101, et seq. ............................................................................................................1

11 U.S.C. § 341(a) ...................................................................................................................3

11 U.S.C. § 523 .........................................................................................................2, 3, 4, 5, 6

11 U.S.C. § 523(a) ................................................................................................................3, 4

11 U.S.C. § 1141 ..................................................................................................................2, 3

**Rules**

Fed. R. Bankr. P. 4007(c) .................................................................................................3

Fed. R. Bankr. P. 7001(6) ..............................................................................................2, 3

Fed. R. Bankr. P. 7003 ....................................................................................................2

Fed. R. Bankr. P. 8020 ....................................................................................................7

Fed. R. Civ. P. 3 ..............................................................................................................2

## Statement of the Issue Presented

Whether the Bankruptcy Judge erred in denying appellant's motion to extend time to determine the dischargeability of a debt pursuant to Section 523 of the Bankruptcy Code where the statutory exceptions apply only to *individual* debtors, not corporations, and where the debtor in this case is a corporation.

## Supplemental Statement of the Case

The appellee is The McCabe Group, A Professional Corporation ("TMG"), a corporate debtor-in-possession in proceedings pending under Chapter 11 of title 11, 11 U.S.C. § 101, et seq. ("Bankruptcy Code").

The appellant is The Meglon Domestic Non-Grantor Trust ("Meglon"). Meglon asserts that it is a creditor. Although not relevant to a determination of this appeal, there is nothing in the record before this Court that supports Meglon's statement (see Brief of Appellant, p. 9) that it has ever asserted any claim against TMG.

## ARGUMENT

**SINCE EXCEPTIONS TO DISCHARGE UNDER SECTION 523 OF THE BANKRUPTCY CODE APPLY ONLY TO *INDIVIDUAL* DEBTORS, AND NOT *CORPORATIONS*, AS A MATTER OF PURE LOGIC, GROUNDS CAN NEVER EXIST TO EXTEND TIME TO FILE A SECTION 523 DISCHARGEABILITY COMPLAINT AGAINST A CORPORATE DEBTOR.**

I.   **Exceptions to Dischargeability – An Overview of Section 523.**

Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, is titled "Exceptions to Discharge." It begins,

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an *individual* debtor from any debt-- ... [emphasis supplied]

There follows an itemized list of 19 different grounds for excepting a debt from discharge.[1]

Subsection (c) of Section 523 provides that with respect to four of the 19 enumerated exceptions -- debts incurred by fraudulent representation ((a)(2)), defalcation while acting in a fiduciary capacity ((a)(4)), willful and malicious injury ((a)(6)) and certain non-support obligations incurred in a divorce proceeding (a)(15)) – the debtor would nonetheless receive a discharge "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6) and (15), as the case may be, of subsection (a) of this section." Thus, four of the exceptions are made applicable only upon the request of a creditor.

Such a request must be initiated by an "adversary proceeding." Fed. R. Bankr. P. 7001(6). An adversary proceeding is commenced by the filing of a complaint. Fed. R. Bankr. P.

---

[1] As Meglon observes, Section 1141 of the Bankruptcy Code provides that a debtor (whether corporate or individual) receives a discharge upon confirmation of a confirmed plan of reorganization. Brief of Appellant, pp. 11-12.

7003 (incorporating Fed. R. Civ. P. 3 by reference). The time for filing such a complaint is governed by Fed. R. Bankr. P. 4007(c), which requires that it be filed "no later than 60 days after the first date set for the meeting of creditors held pursuant to § 341(a)." This deadline may be extended "for cause" on motion filed prior to expiration of such period. Fed. R. Bankr. P. 4007(c).

## II.     Section 523 Exceptions to Discharge Apply Only to *Individual* Debtors, Not *Corporations*.

The language of Section 523(a) quoted above makes plain that the dischargeability exceptions apply only to "individuals." This language is so plain and the practice under the Bankruptcy Code has become so uniform that it is fair to say that decisional law appears unanimous.

Holding that a creditor who does not receive proper and timely notice of a bankruptcy proceeding is not bound by the Section 1141 discharge under a confirmed plan of reorganization, the Federal Court of Appeals for the Eleventh Circuit rejected the corporate-debtor's argument that, pursuant to Section 523, the creditor had the burden of objecting to discharge once it had actual notice of the bankruptcy proceedings.

> However, Section 523 is not applicable in this case. The Spring Valley defendants are corporate debtors. Section 523(a)(3) places a burden of inquiry upon a creditor only when the debtor is an "individual debtor." A corporate debtor is not an individual debtor for the purposes of Section 523.

In re Spring Valley Farms, Inc., 863 F.2d 832, 834 (11th Cir. 1989).

Similarly, in Yamaha Motor Corp. v. Shadco, Inc., 762 F.2d 668 (8th Cir. 1985), the Eight Circuit Court of Appeals rejected a creditor's objection to the discharge of its debt under a corporate debtor's proposed plan of reorganization.

3

BO1 15636189.1

> We agree with the bankruptcy court that both the language of the statute and the case law interpreting the statute militate against applying the exemption to corporate debtors. [citations omitted] ... Congress clearly did not intend the term "corporate debtor" to be used interchangeably with the term "individual debtor," as such a construction would "render meaningless employment by Congress of the term 'individual'." [quoting In re Kuempel Co., 14 B.R. 324, 325 (Bankr. S.D. Ohio 1981)] Accordingly, we hold that the exemptions embodied in 11 U.S.C. § 523(a) do not apply to corporate debtors.

762 F.2d at 670.

Again, in In re Push & Pull Enter., Inc., 84 B.R. 546 (Bankr. N.D. Ind. 1988), the bankruptcy court dismissed a complaint objecting to a corporate debtor's discharge in a Chapter 11 proceeding, on the ground that "a Chapter 11 corporate debtor is not subject to the dischargeability provisions of 11 U.S.C. § 523." 84 B.R. at 546. Surveying the then decisional authority on the question, and citing numerous decisions from a variety of jurisdictions, the Push & Pull Enter. Court pronounced "[i]t is almost undebatable and universally held that a corporate Chapter 11 debtor is not subject to the dischargeability provisions of 11 U.S.C. § 523." 84 B.R. at 548. Quoting Push & Pull Enter., this pronouncement was expressly endorsed by the Eighth Circuit in Spring Valley Farms. 863 F.2d at 834.

Indeed, the matter is so well-settled that on at least one occasion a bankruptcy lawyer was sanctioned by the bankruptcy court in this jurisdiction for filing a dischargeability complaint against a corporation. In re Thinking Machines Corporation, 1994 WL 688289 (Bankr. D. Mass. December 8, 1994) (Hillman, J.).

### III. Meglon Fails to Cite a Single Decision Supporting its Frivolous Interpretation of Section 523.

Meglon makes no effort in its Brief to explain how the phrase "individual debtor" could possibly refer to a corporation, nor does Meglon so much as discuss the above-cited cases, which

4

BO1 15636189.1

had already been cited by TMG in the bankruptcy proceedings. See Joint Opposition to Motion to Stay Pending Appeal, p. 2. More importantly, Meglon fails to cite a single bankruptcy decision from any jurisdiction applying the Section 523 exceptions to discharge to corporate debtors.

Instead, Meglon resorts to grossly misleading citations to other decisional authority. Meglon cites four cases in which it claims that "complaints to determine the dischargeability of a debt were brought against debtors which were not individuals." Brief of Appellant, p. 13. In none of these cases, however, did a court actually endorse the practice. To the contrary, the practice was rejected.

For example, in In re CCR Planning, Ltd, 199 B.R. 347 (Bankr. E.D. Va. 1996) (cited in Brief of Appellant, p. 13), the corporate debtor moved to dismiss a dischargeability complaint "because a corporate debtor does not receive a discharge in a Chapter 7 proceeding, [and therefore] any claim of non-dischargeability would be moot." 199 B.R. at 349. In response, the creditor moved to amend the complaint to substitute two individual debtors, arguing that the motion to amend should relate back to the original filing. Id. Rejecting the relation-back argument, the Court denied the motion to substitute the individuals as untimely. Id., 349-50. It also dismissed the Complaint against the corporate debtor. Id. at 350. Rather than representing a decision supporting Meglon's position, this entire decision was premised on the proposition that Section 523 does not apply to corporate debtors.

In In re Summit Corporation, et al, 109 B.R. 534 (U.S.D.C. Mass. 1990) (cited in Brief of Appellant, p. 13), the District Court dismissed a dischargeability complaint as untimely. While the dischargeability complaint had been filed against a corporate debtor, Summit Corporation, it was also filed against an *individual* co-debtor, John A. Grant. Id. at 536. The complaint was

5

dismissed as untimely on the motion of the *individual* debtor. With no apparent participation in the proceedings on the part of the corporate debtor, the Court never even reached the question as to whether Section 523 applies to corporate debtors. Id.

In Burger King Corp. v. B-K of Kansas, Inc., 73 B.R. 671 (U.S.D.C. Kansas 1987) (cited in Brief of Appellant, p. 13), a creditor brought a multi-count complaint against a corporate debtor and two *individual* co-debtors that included counts for trademark infringement, a request to exclude certain franchise agreements from property of the estate, and a non-dischargeability claim. Id. at 671. After the reference was withdrawn, the non-dischargeability claim was dismissed as untimely, and the Court never even reached the questioned as to whether Section 523 applied to the corporate debtor. Moreover, it is unclear from the decision whether the corporate debtor was involved in the dischargeability issue. Indeed, it is noteworthy that the only reference made in the decision to the time for filing an objection to discharge was in connection with the case of one of the *individual* debtors (a certain John Ercy Wilkinson), and no reference is made to the corporate debtor with respect to that issue. Id. at 673.

In In re Schwartz & Meyers, 64 B.R. 948 (Bankr. S.D.N.Y. 1986) (mistakenly cited in Appellant's Brief at p. 15 as "84 B.R. 665"), the Court dismissed as untimely a dischargeability complaint filed against an entity known as "American Sports Innovations" and an individual named "John Lee." The Court specifically noted that as of commencement of the bankruptcy proceedings, Lee was a sole proprietor doing business under the assumed name "American Sports Innovations." Id. at 615. Hence, as of commencement of the proceedings, even American Sports Innovations was merely an individual. The Court never so much as considered whether Section 523 applies to entities other than individuals.

6

Section 523 by its plain terms, as interpreted by a unanimity of decisional authority, applies only to individuals. Therefore, the time within which to bring a dischargeability complaint applies only to individuals. For this reason, the Bankruptcy Judge acted properly in denying Meglon's request to extend such time as to the corporate debtor TMG.

Meglon's position is so devoid of logic, legal support and common sense that his appeal is frivolous.

### Conclusion

The order of the Bankruptcy Judge should be affirmed. The District Court should give notice pursuant Fed. R. Bankr. P. 8020 of the frivolity of the appeal and its intent to consider an award of sanctions against Meglon and its counsel. In the absence of such notice, TMG reserves the right to file a motion under Fed. R. Bankr. P. 8020 for an award of its costs and attorneys' fees in defending the Bankruptcy Judge's decision on this appeal.

THE MCCABE CORPORATION, A
PROFESSIONAL CORPORATION

By its attorneys,

Robert Somma (BBO #472980)
David J. Reier (BBO #546202)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210
Telephone:    617 946-4800
Telecopier:   617 946-4801

Dated: April 7, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail hand overnight delivery on April 7, 2004.

7