UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re:<br><br>**THE MCCABE GROUP,**<br><br>            Debtor. | Civil Action No. 04-10442-RCL |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

**TO:**

Robert Somma
SEYFARTH SHAW
World Trade Center East
Two Seaport Lane - Suite 300
Boston, MA 02210

Jeffrey D. Sternklar
DUANE MORRIS, LLP
470 Atlantic Avenue - Suite 500
Boston, Massachusetts 02210

**PLEASE TAKE NOTICE** that on Friday, April 16, 2004, I, Charles F. Vihon, an attorney, did send by Federal Express to the Clerk, United States District Court, District of Massachusetts, an original and two copies and to each of the above-identified persons, by first class U.S. Mail, postage pre-paid, a copy of Appellant's Reply Brief.

By: _____
Charles F. Vihon (ARDC# 2901498)
4738 Howard Avenue
Western Springs, Illinois 60558
708.246.6565.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re:

**THE MCCABE GROUP,**

        Debtor.

Civil Action No. 04-10442-RCL

# REPLY BRIEF OF APPELLANT

Charles F. Vihon (ARDC# 2901498)
4738 Howard Avenue
Western Springs, Illinois 60558
708.246.6565 (telephone)
708.246.7878 (facsimile).

# TABLE OF CONTENTS

TABLE OF CASES AND OTHER AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF CASES AND OTHER AUTHORITIES

**Cases**

*In re American Sports Innovations* .................................................... 11

*Burger King Corp. v. B-K of Kansas, Inc.* .............................................. 10

*In re CCR Planning, Ltd.* ............................................................ 11

*In re Push & Pull Enter, Inc.* ....................................................... 12

*In re Schwartz & Meyers* ............................................................ 10

*Stewart v. Thinking Machines Corporation (In re Thinking Machines Corporation)* ........ 11

*In re Summit Corp.* ................................................................. 11


**Statutes**

11 U.S.C. §101(41) .................................................................. 10

11 U.S.C. §103 ...................................................................... 7

11 U.S.C. §523(a) ................................................................... 5

11 U.S.C. §523(c) ................................................................... 6

11 U.S.C. §727 ...................................................................... 7

11 U.S.C. §1141 ..................................................................... 7


**Rules**

Fed. R. Civ. P. 11 ................................................................. 13

Fed. R. Bankr. P. 4004 .............................................................. 7

Fed. R. Bankr. P. 4007 ............................................................. 10

Fed. R. Bankr. P. 7001 ............................................................. 10

Fed. R. Bankr. P. 8020 ............................................................13

Fed. R. Bankr. P. 9011 ............................................................13

**Misc.**

H.Rep. No. 595, 95th Cong, 1st Sess 418 (1977) .................................................8, 9
S.Rep. No. 989, 95th Cong, 2d Sess 77 (1978). ..................................

## ARGUMENT

## THE APPLICATION OF 11 U.S.C. §523(c) IS NOT LIMITED TO INDIVIDUAL DEBTORS

Appellee is quick to criticize Appellant and Appellant's position on the ground of a singular statutory reference.[1] Indeed, Appellee believes that statutory reference is gospel for its position[2] and that its position cannot be questioned. Even though Appellee's tone is condescending and arrogant, its argument is not persuasive.

Appellee asks "how the phrase 'individual debtor' could possibly refer to a corporation".[3] The answer is simple: it can not. But, the phrase is used in 11 U.S.C. §523(a) to identify the type of debtor having debts of the types enumerated therein (which types can be excepted from discharge) and there is nothing in that language which can be read to effect a limitation upon the application of 11 U.S.C. §523(c) when a creditor seeks to except an enumerated debt from the discharge of a corporate debtor.

Even though there is the cross-reference in sub-section (c) to the types of debts enumerated in sub-section (a), that cross-reference solely is for the purpose of identifying the types of debt which require a creditor to act affirmatively to seek the exception from discharge <u>it is not a limitation upon availability of the procedure</u>. To read the relationship

---

[1]  *See*, 11 U.S.C. §523(a) ("A discharge under section . . . 1141 . . . does not discharge an individual debtor . . . ").

[2]  *I.e.*, that a chapter 11 corporate debtor cannot be the subject of a complaint to determine the dischargeability of a debt.

[3]  Appellee Brief, p.4.

Page 5 of 13

between sub-section (c) and sub-section (a) in such a fashion is to fail to apply the language of sub-section (c) as it appears on its face.

Sub-section (c) very clearly and unambiguously says:

> " . . . the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section."

It does not say "individual debtor" nor does it say "as in subsection (a)". The cross-reference to sub-section (a) simply is for the purpose of identifying the types of debt with respect to which a creditor seeking an exception to their discharge must act pursuant to the procedure set forth in sub-section (c).

The debts enumerated in sub-section (a) are not "individual's" debts. The enumeration is of the types of debt which may be excepted from discharge. The debts are excepted from discharge in the case of an individual debtor because of the prefatory language of the sub-section, not because of the type of debt. The procedure set forth in sub-section (c) is based upon the type of debt, not the character of the debtor. That is the syntax of sub-sections (a) and (c) independently and with reference each to the other. Accordingly, the cross-reference from sub-section (c) to sub-section (a) simply is to identify the types of debt which require a creditor seek a determination of their dischargeability.

There is no reference anywhere in the title of §523 to "individuals" or, indeed, is there any reference to "individuals" anywhere in §523 other than in sub-section (a). A

reading of §523 in its entirety results in the clear, unequivocal and incontrovertible conclusion that a complaint to determine the dischargeability of a debt against a corporation can be brought pursuant to sub-section (c) for among other reasons that, but for the requirement of sub-section (c), sub-section (a) recognizes that a corporation otherwise would obtain a discharge of its debts pursuant to §1141.

There is no limitation in 11 U.S.C. §103 to the application of §523 in cases under chapter 11 wherein the debtors are corporations.[4] Therefore, to whatever extent any such a limitation exists (and there is none), it must derive from the language of §523 itself. And that limitation would have to be found in the language of sub-section (a) because the word "individual" appears only in that sub-section and the word "corporation" as it applies to a debtor appears nowhere.

As the title of §523 indicates, its subject is exceptions to discharge, *i.e.*, when and under what circumstances a debtor otherwise entitled to a discharge pursuant to the applicable sections of title 11 (as specified in sub-section (a)) would be denied a discharge of one or another particular debt.[5] (The subject of the section also may be described as setting forth the circumstances under which a creditor is required to request that a debt

---

[4] Similarly, there is no such or similar limitation in §1141.

[5] This is in comparison with the denial of a discharge generally. *See*, 11 U.S.C. §§727 and 1141 and Fed. R. Bankr. P. 4004.

owed to it be excepted from the discharge of that debt the debtor otherwise would get.) This is reinforced by the legislative history.[6]

Nowhere in §523 is there mention (or even an allusion) that a creditor of a chapter 11 corporate debtor may not avail itself of the procedure of sub-section (c), as Appellee suggests. And, even Appellee's argument doesn't treat with this proposition; it simply cites to case law which it believes supports its conclusion – not its reasoning.

Had Congress intended there to be any such limitation, it would have said so. There is absolutely nothing in the structure of §523 to indicate that the term "individual" was being used to evince a limitation upon availability of the sub-section (c) procedure to a creditor of a corporate chapter 11 debtor. And, as noted, even in the subjecting of the enumerated types of debt to non-dischargeability, that term simply does that; it serves no other linguistic purpose.

Sub-section (a) has two parts: the first is the statement that an individual debtor otherwise entitled to a discharge cannot be discharged of certain types of debt; the second is a listing of those types of debt.[7] Had Congress intended to limit the provisions of §523 only to individual debtors and deny the procedure to creditors of a corporate debtor, it certainly would have said so and would have had to say so in light of the fact that it takes both sub-section (a) and sub-section (c) to deal completely with the subject of exceptions

---

[6]  "This section specifies which of the debtor's debts are not discharged in a bankruptcy case, and certain procedures for effectuating the section." H.Rep. No. 595, 95th Cong, 1st Sess 363 (1977); S.Rep. No. 989, 95th Cong, 2d Sess 77 (1978).

[7]  Because of sub-section (c), sub-section (a) is not entirely self-effectuating.

to discharge and the cross-reference to sub-section (a) in sub-section (c) cannot be read to accomplish such a limitation without torturing the language and structure of the section.

Sub-section (b) simply makes sub-section (a) the operative provision in determining dischargeability when a debt was determined to be non-dischargeable in an earlier case of the debtor either under the Code or under the (former) Bankruptcy Act or pursuant to several other statutes. As the legislative history indicates, "[t]he result dictated by the subsection would probably not be different if the subsection were not included. It is included nevertheless for clarity."[8]

Sub-section (c) is the operative provision which sets forth the procedure a creditor must use to have the court determine whether certain types of debt are non-dischargeable.[9] The limitation contained in sub-section (c) is only that: unless the creditor requests such a determination, the debtor will be discharged of the types of debt identified therein. There is absolutely nothing in this sub-section which even remotely suggests that a corporation seeking to reorganize under chapter 11 of the Code may not be the debtor referred to. Were the limitation which Appellee suggests exists in sub-section (a) also to be found in this sub-section (c), then the term "individual" also would appear here; it does not. Furthermore, the only other way to make up for "individual" not being used in order to articulate that such a limitation exists would be for some other term to have been used to

---

[8]    H.Rep. No. 595, 95th Cong, 1st Sess 365 (1977); S.Rep. No. 989, 95th Cong, 2d Sess 79-80 (1978).

[9]    "Subsection (c) requires a creditor who is owed a debt that may be expected from discharge . . . to initiate proceedings in the bankruptcy court for an exception to discharge. If the creditor does not act, the debt is discharged." H.Rep. No. 595, 95th Cong, 1st Sess 365 (1977); S.Rep. No. 989, 95th Cong, 2d Sess 80 (1978).

identify the object of the limitation. The logical term would have been "corporation".[10] None of these linguistic vehicles was used thereby making Appellee's construction of the language of §523 tortured.

Confirmation of the foregoing can be found in those Federal Rules of Bankruptcy Procedure which treat with dischargeability of debts, *to wit*, 4007 and 7001. In both of those Rules, there is no language, allusion, suggestion, hint, reference, cross-reference or other linguistic form used which could produce the limitation Appellee suggests. Furthermore, in Rule 4007 at subsection (c), there are specific requirements for complaints made against chapter 11 debtors and, again, there is nothing there upon which one could rely to support Appellee's position. Indeed, the general language used there <u>without modification or limitation in any other Rule</u> suggests strongly the correctness of Appellant's position.

### THE CASES APPELLANT CITES SUPPORT ITS POSITION

A complaint to determine the dischargeability of a debt was allowed in *In re Schwartz & Meyers*.[11] What was not allowed as untimely was the creditor's attempt to amend his original complaint to add individuals.

In *Burger King Corp. v. B-K of Kansas, Inc.*,[12] the district court dismissed the complaint to determine the non-dischargeability of the debt owed by the debtor corporation because

---

[10] The defined term "person" also could have been used with another exception engrafted onto it just as there is one contained in the definition itself. *See*, 11 U.S.C. §101((41).

[11] 82 B.R. 685 (Bankr. S.D.N.Y.1988) [erroneously cited in Appellant's opening brief as 84. B.R. 665 (Bankr. S.D.N.Y. 1986)]. The debtor here also was a law firm.

[12] 73 B.R. 671 (D.Kan..1987).

the complaint had not been filed timely. Not one word about such a complaint not being allowed against a corporate debtor was uttered by the court in its decision. The exact same situation was present in *In re American Sports Innovations*[13] where the court dismissed the complaint against the partnership debtor to determine the non-dischargeability of a debt because it was filed after the time specified in Fed. R. Bankr. P. 4007. Here, too, not one word was uttered by the court in its decision that a complaint against a debtor not an individual was not allowed.

Finally, *In re Summit Corp.*[14] and *In re CCR Planning, Ltd.*[15] also were cases in which creditors of chapter 11 corporations sought to file complaints to determine the non-dischargeability of their debts and which complaints also were dismissed because they were not filed timely. Nothing could be further from reality than Appellant cannot support its argument that a creditor of a debtor which is not an individual may avail itself of the procedure found in 11 U.S.C. §523(c) to file a complaint against such a debtor to determine the non-dischargeability of the debt owed.

### THE CASES APPELLEE CITES ARE NOT CONVINCING

The primary reference for Appellee's position is the Bankruptcy Court's earlier decision in *Stewart v. Thinking Machines Corporation (In re Thinking Machines Corporation)*,[16] a decision in which there is absolutely no discussion of the point at issue here. With respect to the "individual *vis-a-vis* corporate" aspect of the dispute before this Court, the court

---

[13]   105 B.R. 614 (Bankr. W.D.Wash. 1989).

[14]   109 B.R. 534 (D. Mass. 1990).

[15]   199 B.R. 347 (Bankr. E.D.Va. 1996).

[16]   1994 WL 688289 (Bankr. Mass. 1994) [hereinafter *"Thinking Machines"*].

there discussed only the relationship between 11 U.S.C. §§523 and 1141 as they dealt with the discharge of an individual debtor. Indeed, the only reference to this aspect of the dispute is the conclusory statement "The provisions of §523 do not apply" with no discussion or support for it. It is a statement which hangs out in the open, unattended by any citation to precedent or analysis of the statute.

An examination of the court's decision in *In re Push & Pull Enter, Inc.*[17] reflects the predicate for that decision, *i.e.*, a creditor's protections against a corporate debtor's post-confirmation violation of the terms of its plan of reorganization, is one which is not present in the matter *sub judice* and one which is not in any way related to the issue which is at the heart of Appellant's actions here: whether a creditor of a corporate debtor should be able to challenge that debtor's discharge from its obligations which arose under specific circumstances. The *Push & Pull* analysis in no way sheds any light on that situation and, if anything, simply reflects a court's deference to what only can be called conventional wisdom, which should not dictate to this Court.[18]

## FRIVOLITY OF APPEAL

On the basis of Appellee's use of the *Thinking Machines* case as support for his assertion of frivolity, it hardly is likely Appellee could establish that Appellant here has "made an extraordinary attempt to stretch one sentence of dicta torn from a Supreme Court

---

[17] 84 B.R. 546 (Bankr. N.D.Ind. 1988).

[18] The language of the statute should be the touchstone for this Court's response to the dispute before it and it is a tortuous route which one must take in order to conclude that language supports the limitation of the application of §523(c) as Appellee suggests.

decision into a reason for ignoring the specific wording of the statute."[19] This especially is true because Fed. R. Bankr. P. 8020 is a derivative from Fed. R. Bankr. P. 9011 and Fed. R. Civ. P. 11 and the precedents developed under those Rules very likely will be found to be significantly and substantially inapposite Appellant's actions.

## CONCLUSION

Nothing in title 11 limits to cases of individual debtors creditors' complaints to determine the non-dischargeability of a debt. Accordingly, for all of the reasons set forth herein and in Appellant's opening brief, Appellant respectfully requests this Court set aside, vacate and reverse the decision of the Bankruptcy Court from which this appeal has been taken.

FOR APPELLANT, THE MEGLON DOMESTIC NON-GRANTOR TRUST:

_____
Charles F. Vihon (ARDC# 2901498)
4738 Howard Avenue
Western Springs, Illinois 60558
708.246.6565 (telephone)
708.246.7878 (facsimile).

Dated this 16th day of April, 2004.

---

[19] *Thinking Machines*, p.1.