UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                          )
IN RE: THE McCABE GROUP,                        )          Civil Action No. 04-10442-RCL
                            Debtor              )
_____)

MEMORANDUM AND ORDER ON THE APPEAL OF THE MEGLON DOMESTIC
NON-GRANTOR TRUST FROM AN ORDER OF THE BANKRUPTCY COURT

Before the court is an appeal from an order of the bankruptcy court, entered on January 13, 2004 and denying, as a matter of law, the motion of appellant, Meglon Domestic Non-Grantor Trust ("Meglon"), for an extension of time within which to file a complaint to determine the dischargeability of a debt. Meglon is an asserted creditor in bankruptcy proceedings, under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §101 *et. seq.,* involving the McCabe Group, a professional corporation and a debtor-in-possession. The bankruptcy court denied the motion on the ground that a complaint to determine the dischargeability of a debt may be brought only if the debtor is an individual, and the McCabe Group is a corporation. Because the question raised by the appeal is one of law, review of the bankruptcy court's order is *de novo*. *In Re Laroche*, 969 F.2d 1299, 1301 (1st Cir. 1992). After consideration of the papers in favor of and in opposition to the claim made on appeal, I affirm the order of the bankruptcy court.

Section 523 of the Bankruptcy Code provides certain exceptions to the discharge of the debts of a debtor. The issue raised on this appeal is whether that section applies to corporate debtors as well as to individual debtors. Section 523 sets out four exceptions to discharge that may be asserted by a creditor. To avail itself of one of the exceptions, a creditor must initiate an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(6) and 7003 (making Fed. R. Civ. P. 3 applicable to adversary proceedings). Under Fed. R. Bankr. P. 4007(c), a complaint of this kind

must be filed not later than sixty days after the first date set for the meeting of creditors. The deadline may be extended for cause on a motion filed by a party in interest before the expiration of the sixty-day period. Fed. R. Bankr. P. 4007(c). The bankruptcy court, in denying the motion of the appellant to extend the time for filing the complaint, implicitly determined that there was no cause to extend the time for the appellant, because the appellant could not take advantage of any 523 exception as to the corporate debtor. That determination was well-founded.

The plain language and structure of §523 make clear that the dischargeability exceptions apply only to individual debtors. The section is entitled to "Exceptions to discharge" and states, in pertinent part: (a) A discharge under Section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an *individual* debtor from any debt - . . . ." (emphasis added). 11 U.S.C. §523(a). The section then sets forth nineteen categories of specific debts that are not dischargeable. *See* §523(a)(1-19) (listing exceptions, including, among other things, debts owed to spouses, debts incurred as a result of taxes, debts garnered through fraud, and debts resulting from a court order). Section 523(c) provides that four of the nineteen categories of non-dischargeable debts described in §523 will be discharged "unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt is to be excepted from discharge" under §523(a). 11 U.S.C. 523(c). In other words, the exceptions included in these categories are non-dischargeable only if the court so determines after notice and a hearing.

Given the structure and logic of §523(c), it is clear that that section, like §523(a), is limited to individual debtors. *See United States v. O'Neil,* 11 F. 3rd 2292, 2295-310 (1st Cir. 1993) (beginning interpretive analysis of a statute with the plain language of the statute then

resorting to statutory structure, logic, and public policy to verify the construction).  The four categories of debt set out in §523 are a subset of the nineteen non-dischargeable categories of debt set out in §523(a), and all of the nineteen are limited by §523(a) to individual debtors.  Moreover, §523(c) explicitly references §523(a) and the limitations contained in the latter.  There are not two sets of provisions, as Meglon tries to read them.  Rather §523 and §523(c) are interconnected parts of the same statute and must be interpreted together.  *See In Re: Handel,* 253 B.R. 308, 311 (1st Cir. BAP 2000) (each part or section of a statute should be construed with every other part or section so as to produce harmonious whole) (citing 2A N. Singer, SUTHERLAND STATUTORY CONSTRUCTION, §46.05 (C. Sands, 4th ed. 1984)).

 Every court that has examined the language of §523 has acknowledged that this section is solely applicable to individual debtors.  The Eighth Circuit has stated:  "Congress clearly did not intend the term 'corporate debtor' to be used interchangeably with the term 'individual debtor' as such a construction would render meaningless employment by Congress of the term 'individual.'" *Yamaha Motor Corp. v. Shadco, Inc.,* 762 F.2d 688, 670 (8th Cir. 1985) (holding that the §523(a) exemptions do not apply to corporate debtors) (internal citations and quotations omitted); *see also Garrie v. James L. Gray, Inc.,* 912 F. 2d 808, 812 (5th Cir. 1990) ("[t]he 'willful and malicious injury' exception to discharge, like all of the exceptions to discharge found in section 523(a), applies only to individual, not corporate debtors."); *In Re Spring Valley Farms, Inc*. 863 F.2d 832, 834 (11th Cir. 1989) ("Section 523(a)(3) places a burden of inquiry upon a creditor only when the debtor is an 'individual debtor.'  A corporate debtor is not an individual debtor for the purposes of §523."); *In re Push and Pull Enter., Inc.,* 84 B.R. 546, 548 (N.D. Ind. 1988) ("It is almost undebatable and universally held that a corporate Chapter 11

debtor is not subject to the dischargeability provisions of 11 U.S.C. §523.") (citing cases); *see also* Daniel R. Cowans BANKRUPTCY LAW & PRACTICE, §6.1, (7th ed. 1998) ("The exceptions to dischargeability under §523 apply to individual debtors but not to corporations . . .")

    Based on the foregoing reasons, I affirm the decision of the bankruptcy court. Accordingly, the appeal is dismissed.

    SO ORDERED.

                                                 /s/ REGINALD C. LINDSAY
                                                 United States District Judge

DATED:  November 23, 2004